```
                                                    ORIGINAL
                                                     FILED
1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney                          07 JUL 17 PM 1:59
2
   W. DOUGLAS SPRAGUE (CSBN 202121)                CLERK, U.S. ... WILKING
3  Acting Chief, Criminal Division                 NORTHERN DISTRICT COURT
                                                              OF CALIFORNIA
4  PATRICIA J. KENNEY (CSBN 130238)
   Assistant United States Attorney
5
      450 Golden Gate Avenue        e-Filing
6     San Francisco, CA 94102
      Telephone: 415.436.6857
7     Facsimile:  415.436.6748
      Email: patricia.kenney@usdoj.gov
8
   Attorneys for United States of America
9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | C 07-3680 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | COMPLAINT FOR FORFEITURE |
| APPROXIMATELY $73,306 IN UNITED STATES CURRENCY, | ) | MEJ |
| Defendant. | ) | |

NATURE OF THE ACTION

1.   This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(6), involving the seizure of defendant $73,306 in United States Currency from the wallet of Fernando Rendon Gutierrez ("GUTIERREZ"), from a green duffle bag and from a green military backpack in the rear of a 1997 Chevrolet Blazer, California license plate 5LBM464, registered to GUTIERREZ on or about October 10, 2006, following a traffic stop of GUTIERREZ in Sonoma County, afterwhich GUTIERREZ was arrested. GUTIERREZ was a previously deported felon who was a wanted parolee.

PARTIES

2.   Plaintiff is the United States of America.

3.   Defendant is approximately $73,306 in United States currency.

JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881(a)(6). This civil action is timely filed under 18 U.S.C. § 983(a)(3)(A).

5. Venue in this Court is proper because defendant $73,306 was seized in the Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

6. The intra-district venue is proper in the San Francisco Division within the Northern District of California.

FACTS

7. On or about October 10, 2006, Officer Terry White, Sonoma County Sheriff's Department, was parked in a marked Sheriff's patrol car on the shoulder of southbound Highway 101 between the Asti Road exit and Canyon Road exit when he observed a brown two door Chevrolet Blazer, California license plate 5LBM464, driving in the number one lane (fast lane). The vehicle appeared to be traveling at approximately 75 miles per hour in a posted 65 miles per hour zone. After Officer White used his hand held radar to determine that the vehicle was traveling at 73 miles per hour, Officer White entered the freeway, turned on his forward red-light and the vehicle yielded north of the Canyon Road exit. Officer White made a traffic stop for speeding in violation of California Vehicle Code 22349(a).

8. Officer White approached the passenger side of the vehicle, explained the reason for the stop and asked for the driver's license. The driver, GUTIERREZ, who had a state of Washington driver's license, initially denied having ever been arrested, and also denied having any drugs, guns or large amounts of currency in the vehicle. GUTIERREZ, however, was found to be a previously deported felon and a wanted parolee. As a result, GUTIERREZ was placed under arrest. The front seat passenger, identified by his Mexican voter's registration card as Leonor Anguiano, was found to have an outstanding felony warrant for assault with a deadly weapon and was placed under arrest. The rear seat passenger was identified by his Mexican voter's registration card as Simon Martinez Perez. Next to Perez was an open, still-cold container of Bud's Light Beer. As a result, Perez was detained for possession of an open container. Before the arrests and detention occurred, however, Officer White called for backup.

Complaint for Forfeiture
No. 07-                                            2

1  A California Highway Patrol Officer arrived and assisted until additional Sheriff's Officers
2  arrived on the scene.
3      9.   According to a records check at California EDD, neither GUTIERREZ, Anguiano
4  or Perez have any history of employment in California.
5      10.  During the searches incident to the arrests and a search of the vehicle, officers
6  located and seized approximately $88,212 in United States currency. Officers located part of
7  defendant, approximately $206 in United States currency, in GUTIERREZ's pocket. Officers
8  found part of defendant, approximately $33,900 in United States currency, in a white plastic bag
9  inside a green duffle bag located in the storage area of the vehicle. Officers found another part of
10 defendant, approximately $39,200 in United States currency, in a white plastic bag inside a green
11 military backpack (the currency in the backpack was originally miscounted and reported as
12 $38,300). Officers also found approximately $10,000 in United States currency in the front pants
13 pocket of Perez and approximately $2,501 in United States currency in Perez's wallet. Officers
14 also found approximately $2,405 in United States currency in Anguiano's wallet.
15     11.  Defendant $73,306 in United States currency consists of the approximately $206
16 from GUTIERREZ's pocket, the approximately $33,900 in a white plastic bag from the green
17 duffle bag and the approximately $39,200 in a white plastic bag from the green military
18 backpack. The remainder of the United States currency described in paragraph 10 above and
19 seized during the searches incident to the arrests is currently being administratively forfeited
20 because no timely claim was filed for it.
21     12.  Officers called in Detective Mike Crean, Sonoma County Narcotic Task Force,
22 and his certified narcotics canine, "Caine," to assist. Caine is trained in the detection of
23 methamphetamine, marijuana, heroin, opium and cocaine. Caine has been in service since May
24 of 2006 and receives no less than 16 hours of monthly training and is recertified every month.
25 Caine alerted to that part of defendant, approximately $33,900 in United States currency, which
26 had been found in a plastic bag inside a green duffle bag located in the storage area of the
27 vehicle. Caine alerted to that part of defendant, approximately $39,200 in United State currency
28 which was found in a plastic bag inside a green military backpack. Caine also alerted to the

Complaint for Forfeiture
No. 07-                                3

1  approximately $206 in United States currency which was found in GUTIERREZ's wallet and to
2  the approximately $2,405 in United States currency found in Anguiano's wallet.
3      13.   Prior to his arrest, GUTIERREZ had denied that there was any substantial sum of
4  United States currency in the vehicle. After arrest and after being advised of his rights,
5  GUTIERREZ stated in response to Officer White's questions that he was unsure how much
6  money was in the bag because he did not count, but that he thought it was "80." Officer White
7  asked if he thought there was $8,000 or did he mean $80,000. GUTIERREZ said "$80,000."

## VIOLATION

14. The United States incorporates by reference the allegations in paragraphs one through thirteen as though fully set forth.

15. Section 881(a)(6) of Title 21 of the United States Code, provides for the forfeiture of all money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21 United States Code, and all money used or intended to be used to facilitate any violation of Subchapter I, Chapter 13 of Title 21 United States Code.

16. In light of the foregoing, defendant, approximately $73,306 in United States currency, is subject to judicial forfeiture.

\* \* \* \* \*

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant, that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed, that judgment of forfeiture be entered and that plaintiff be awarded such other relief as may be proper and just.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: July 17, 2007

Assigned to: Kenney
AUSA Kenney

STEPHANIE M. HINDS
Assistant United States Attorney

Complaint for Forfeiture
No. 07-                                                           4

1   VERIFICATION

2   I, Brandon S. Burkhart, state as follows:

3   1.   I am a Special Agent with the Drug Enforcement Administration, United States
4   Department of Justice. I am the case agent, and familiar with the facts giving rise to the filing of
5   this Complaint for Forfeiture through the local law enforcement officers reports.

6   2.   I have read the Complaint for Forfeiture and believe the allegations contained in it
7   to be true.

8                               *   *   *   *   *

9   I declare under penalty of perjury that the foregoing is true and correct. Executed this
10   17th day of July, 2007, in Windsor, California.

            BRANDON S. BURKHART
            Special Agent
            Drug Enforcement Administration

Complaint for Forfeiture
No. 07-                                        5